IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOSHUA SIMPSON BANKS, :
:
    Plaintiff, :
:
vs. : Civil Action File No.
: **7:07-CV-21 (HL)**
LT. MAINE and SGT. HOLLIS, :
:
    Defendants. :
_____

**RECOMMENDATION**

Presently pending in this prisoner 42 U.S.C. § 1983 action is defendants' motion for summary judgment. (Doc. 17). The undersigned advised plaintiff of the filing and of the importance of filing a response thereto; however, plaintiff has failed to file any response to the motion.

In his unverified complaint, plaintiff alleges that while incarcerated at Valdosta State Prison, defendants Officers Maine and Hollis assaulted the plaintiff, violating plaintiff's constitutional rights under the Eighth Amendment by excessive use of force. Specifically, plaintiff alleges that on May 11, 2006, Officers Maine and Hollis both punched him several times in the face, chest and body, resulting in plaintiff suffering a "fractured jaw, black eye, and mental illness."

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio corp., 475 U.S. 574 (1986)). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an

element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The Eighth Amendment's proscription of cruel and unusual punishments governs prison officials' use of force against convicted inmates. See Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). When the conduct in question involves any measure taken to prevent a security threat or restore official control, the Eighth Amendment inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or inflicted maliciously or sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21, 106 S.Ct. 1078; see also Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Discussing this heightened specific-intent requirement in Whitley, the Supreme Court reiterated that force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary: "The infliction of pain in the course of a prison security measure ... does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." 475 U.S. at 319, 106 S.Ct. 1078. Reviewing the force used to quell a prison riot in Whitley, the Court explained that "whether the measure taken inflicted

unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " Id. at 320-21, 106 S.Ct. 1078.

Subsequently, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court extended Whitley 's holding outside the prison-riot context and applied the same heightened intent requirement to force used as a prophylactic, preventive measure. See Whitley, 475 U.S. at 322, 106 S.Ct. 1078 (acknowledging the distinction). The Hudson Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good- faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7, 112 S.Ct. 995. The Court reasoned that even absent the exigency present during a riot-like disturbance, " ' "[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." ' " Hudson, 503 U.S. at 7, 112 S.Ct. 995 (quoting Whitley, 475 U.S. at 321-22, 106 S.Ct. 1078 (quoting Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979))). Thus, Hudson dictates that Whitley 's standard--force applied maliciously and sadistically to cause harm--applies to all claims that prison officials used excessive force against convicted prisoners.

In addition to defining the mental state required, Hudson and Whitley outline five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) "the extent of injury"; (2) "the need for application of force";

3

(3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Whitley, 475 U.S. at 321, 106 S.Ct. 1078; see also Hudson, 503 U.S. at 7, 112 S.Ct. 995. Whitley also narrows the precise inquiry applicable when deciding whether officials are entitled to judgment as a matter of law:

> courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley, 475 U.S. at 322, 106 S.Ct. 1078

Defendants have both filed affidavits where they deny any use of force against plaintiff. (Exhibits A and B, doc. 19). Additionally, defendants have attached the affidavit of the nurse who examined plaintiff following his alleged assault. Nurse John Jackson indicates in his affidavit that he found no evidence of the excessive force as claimed by the inmate, only finding some evidence of swelling to plaintiff's jaw. (Affidavit Jackson, Exhibit C, paragraph 3 doc. 19). A copy of the medical record from such examination, as verified by such affidavit, further reflects that Nurse Jackson's examination did not reveal any indication of the excessive force or injury claimed by the plaintiff. (Exhibits C-D, doc. 19). Specifically, Nurse Jackson states that "at the time of my examination of Inmate Banks, there was no evidence whatsoever of any markings or injuries to the Inmate's neck, trunk, abdomen, genitals, or other extremities. Specifically, despite the allegations of same in plaintiff's complaint, there was no evidence of a black eye or fractured jaw. Following my examination of Inmate Banks, I found that no further

follow-up was needed." (Affidavit Jackson, Exhibit C, paragraph 4, doc. 19).

Defendants have shown that, at most, plaintiff had a *de minimis* injury. In an excessive force case, the plaintiff must establish the presence of a physical injury that is "more than a de minimis injury provided that the force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 10 (1992). In Harris v. Garner, the 11th Circuit has likewise interpreted this standard to require that the injury be more than de minimis. 216 F. 3d 970 (11th Cir. 2000).

Plaintiff has not provided any evidence or pointed to a lack of evidence to negate the defendants' argument that they are entitled to summary judgment.

Accordingly, it is the recommendation of the undersigned that defendants' motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of January, 2008.

//S Richard L. Hodge
RICHARD L HODGE
UNITED STATES MAGISTRATE JUDGE

msd